UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOSE SIERRA,                                          :
                                                      :
                                   Plaintiff,         :
                                                      :
                    -against-                         :          **SECOND AMENDED**
                                                      :          **COMPLAINT**
THE CITY OF NEW YORK; CHRISTOPER CRUZ;                :
BRIAN GRECO; DOMINGO AYALA; DUNIA                     :          **Jury Trial Demanded**
PALACIOS; and JOHN/JANE DOES, Nos. 1-10               :
(the names John and Jane Doe being fictitious, as the :          **ECF Case**
true names are presently unknown to plaintiff),      :
                                                      :          15 Civ. 8773 (RA) (HBP)
                                   Defendants.        :
-------------------------------------------------------------------x

Plaintiff JOSE SIERRA, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights

under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States

Constitution.  Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. §

1331 and 28 U.S.C. § 1343.

4.     The Court has jurisdiction over plaintiff's supplemental state law claims under 28

U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

**JURY DEMAND**

6.      Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

7.      Plaintiff JOSE SIERRA is a resident of the City, County, and State of New York.

8.      Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York.  The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible.   The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.      Defendant CHRISTOPHER CRUZ (Shield No. 2652) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant time herein, defendant Cruz was a police officer assigned to the Gang Unit Manhattan. Defendant Cruz is being sued in his individual capacity.

10.     Defendant BRIAN GRECO (Shield No. 1961) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant time herein, defendant Greco was a police officer assigned to the Gang Unit Manhattan. Defendant Greco is being sued in his individual capacity.

2

11.     Defendant DOMINGO AYALA (Shield No. 2749) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant time herein, defendant Ayala was a police officer assigned to the Gang Unit Manhattan. Defendant Ayala is being sued in his individual capacity.

12.     Defendant DUNIA PALACIOS (Shield No. 8458) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant time herein, defendant Palacios was a police officer assigned to the Gang Unit Manhattan. Defendant Palacios is being sued in her individual capacity.

13.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD.  The Doe defendants are being sued in their individual capacities.

14.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties.  At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

15.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.  Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

16.     On Tuesday, August 19, 2014, at about 6:00 p.m., plaintiff was lawfully present in front of the apartment complex at 3333 Broadway in Manhattan, talking to senior citizens who lived in the complex.

17.     Plaintiff was not engaged in and had not engaged in any criminal activity.

18.     Suddenly, plaintiff noticed a man in plain clothes -- on information and belief, a police officer -- approach on plaintiff's right side with a gun drawn.

19.     Plaintiff next saw other men and at least one woman in plain clothes -- on information and belief, police officers -- running towards him.

20.     Too scared to run and quickly realizing that the individuals converging on him were police officers, plaintiff froze in place.

21.     A number of police officers grabbed plaintiff, handcuffing him behind his back.

22.     A police officer next punched plaintiff in his face.

23.     Police officers then punched plaintiff in the ribs.

24.     Police officers next threw plaintiff to the ground and kicked him in the ribs.

25.     Police officers then dragged plaintiff by his arms to a police car.

26.     The police officers who punched, kicked, and dragged plaintiff used more force than was reasonably necessary to take plaintiff into custody.

27.     Plaintiff did not provoke the assault on him and offered no physical resistance.

28.     There was no probable cause to believe that plaintiff had committed any crime or offense, reasonable suspicion that criminal activity had occurred or was occurring, or even a common law right to inquire of plaintiff.

29.     The police officers who were present during the above incident were aware of each other's misconduct towards plaintiff, had a realistic opportunity to intervene to prevent the harm to plaintiff, and failed to do so.

30.     Defendants Cruz, Greco, Ayala, and Palacios were among the officers who took plaintiff into custody and assaulted him or failed to intervene to prevent the assault.

31.     Plaintiff was taken to the 30th Precinct at 451 West 151st Street in Manhattan, where he was made -- by defendants Cruz, Greco, and other police officers -- to remove his clothes and squat for inspection of his anal cavity without probable cause or reasonable suspicion to believe that he had committed any crime or offense.

32.     No drugs or contraband were found on plaintiff's person or in his possession.

33.     Plaintiff next was taken to Bellevue Hospital Center for treatment of the visible injuries that he sustained in the police assault.

34.     Plaintiff later was transported to the Manhattan Detention Center for arraignment on drug-related criminal charges.

35.     In connection with plaintiff's arrest, police officers, including defendants Cruz, Greco, Ayala, and Palacios, conspired to prepare and did prepare a false and misleading police report which they forwarded to the New York County District Attorney's Office ("District Attorney") and conspired to make and did make false and misleading statements to the District Attorney, causing the District Attorney to prosecute plaintiff on drug-related criminal charges.

36.     On Wednesday, August 20, 2014, plaintiff was arraigned in the Criminal Court of the City of New York, New York County, and charged with Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law §220.16(1)), a felony under New York law, based on a criminal complaint sworn to by defendant Greco.

5

37.     Defendant Greco alleged that he observed plaintiff interact with an unapprehended male and provide the male with a small object in exchange for money; that he observed plaintiff smoking a marijuana cigarette; that when police officers attempted to place plaintiff under arrest, plaintiff attempted to run and jump over a fence, pushed off police officers, and flailed his arms; and that he was informed by defendant Cruz that defendant Cruz recovered two bags of marijuana and three bags of crack cocaine from plaintiff.

38.     Defendant Greco's allegations were completely false.

39.     Plaintiff pled not guilty because he was entirely innocent of the charge.

40.     Bail was set in the amount of $20,000 bond over $5,000 cash.

41.     Because plaintiff could not post the bail and because there was a probation hold on plaintiff, he was held in custody.

42.     On August 25, 2014, the criminal charge against plaintiff was dismissed after a grand jury voted no true bill.

43.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, loss of liberty, physical restraints, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

44.     Plaintiff repeats and realleges paragraphs "1" through "43" with the same force and effect as if they were fully set forth herein.

45.     Plaintiff asserts this claim against defendants Cruz, Greco, Ayala, Palacios, and the Doe defendants.

6

46.     Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense (until the time that defendants learned that there was a warrant for plaintiff for violating the terms and conditions of his probation), in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

47.     Plaintiff repeats and realleges paragraphs "1" through "46" with the same force and effect as if they were fully set forth herein.

48.     Plaintiff asserts this claim against defendants Cruz, Greco, Ayala, Palacios, and the Doe defendants.

49.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

50.     Plaintiff repeats and realleges paragraphs "1" through "49" with the same force and effect as if they were fully set forth herein.

51.     Plaintiff asserts this claim against defendants Cruz and Greco and the Doe defendants.

7

52.     Defendants, acting in concert and within the scope of their authority, made plaintiff remove his clothes and squat for inspection of his anal cavity without probable cause or reasonable suspicion to believe that he had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

53.     Plaintiff repeats and realleges paragraphs "1" through "52" with the same force and effect as if they were fully set forth herein.

54.     Plaintiff asserts this claim against defendants Cruz, Greco, Ayala, Palacios, and the Doe defendants.

55.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## Supplemental State Law Claims

56.     Plaintiff repeats and realleges paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57.     Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

58.    More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City.  The City has wholly neglected or refused to make an adjustment or payment thereof.

59.    This action was commenced within one year and ninety (90) days after the claims accrued.

60.    Plaintiff has complied with all conditions precedent to maintaining this action.

## FIFTH CLAIM FOR RELIEF

### (False Arrest Claim Under New York Law)

61.    Plaintiff repeats and realleges paragraphs "1" through "60" with the same force and effect as if they were fully set forth herein.

62.    Plaintiff asserts this claim against all defendants.

63.    Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense (until the time that defendants learned that there was a warrant for plaintiff for violating the terms and conditions of his probation), and without any warrant or authority to do so.

## SIXTH CLAIM FOR RELIEF

### (Assault Claim Under New York Law)

64.    Plaintiff repeats and realleges paragraphs "1" through "63" with the same force and effect as if they were fully set forth herein.

65.    Plaintiff asserts this claim against all defendants.

66.    Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## SEVENTH CLAIM FOR RELIEF

### (Battery Claim Under New York Law)

67.     Plaintiff repeats and realleges paragraphs "1" through "66" with the same force and effect as if they were fully set forth herein.

68.     Plaintiff asserts this claim against all defendants.

69.     Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## EIGHTH CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under New York Law)

70.     Plaintiff repeats and realleges paragraphs "1" through "69" with the same force and effect as if they were fully set forth herein.

71.     Plaintiff asserts this claim against all defendants.

72.     Defendants, acting in concert and within the scope of their authority, made plaintiff remove his clothes and squat for inspection of his anal cavity without probable cause or reasonable suspicion to believe that he had committed any crime or offense.

## NINTH CLAIM FOR RELIEF

### (*Respondeat Superior* Claim Under New York Law)

73.     Plaintiff repeats and realleges paragraphs "1" through "72" with the same force and effect as if they were fully set forth herein.

74.     Plaintiff asserts this claim against defendant City.

75.     Defendant City is vicariously liable for the acts of the NYPD employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## TENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

76.     Plaintiff repeats and realleges paragraphs "1" through "75" with the same force and effect as if they were fully set forth herein.

77.     Plaintiff asserts this claim against defendant City.

78.     Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Training and Retention Claim Under New York Law)

79.     Plaintiff repeats and realleges paragraphs "1" through "78" with the same force and effect as if they were fully set forth herein.

80.     Plaintiff asserts this claim against defendant City.

81.     Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the

defendants:

(A)     Compensatory damages in an amount to be determined at trial;

(B)     Punitive damages in an amount to be determined at trial;

(C)     Reasonable attorney's fees and costs of this litigation; and

(D)     Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
       June 21, 2016

Respectfully submitted,

*Robert T. Perry*

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

To:     Suzanne E. Aribakan, Esq. (by ECF)
        Senior Counsel
        Special Federal Litigation Division
        New York City Department of Law
        100 Church Street,
        New York, New York 10007
        *Attorney for Defendants City of New York.*
                *Cruz, and Greco*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JOSE SIERRA,                                                 :
                                                             :
                                        Plaintiff,           :
                                                             :
                        -against-                            :
                                                             :
THE CITY OF NEW YORK; CHRISTOPER CRUZ;       :       15 Civ. 8773 (RA) (HBP)
BRIAN GRECO; DOMINGO AYALA; DUNIA            :
PALACIOS; and JOHN/JANE DOES, Nos. 1-10      :
(the names John and Jane Doe being fictitious, as the        :
true names are presently unknown to plaintiff),              :
                                                             :
                                        Defendants.          :

-----------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*